1   **Matthew S. Parmet** (CSB # 296742)
2   matt@parmet.law
    **PARMET PC**
3   340 S. Lemon Ave., #1228
    Walnut, CA 91789
4   phone  310 928 1277

5   **Attorneys for Plaintiff**
6

7   **Alexei Kuchinsky** (CSB # 279405)
    **KUCHINSKY LAW OFFICE, P.C.**
8   220 Montgomery St., Ste. 2100
    San Francisco, CA 94104
9   Tel.:          (628) 200-0902
    Fax.:          (682) 200-0907
10  Email: ak@kuchinskylawoffice.com
11

12  **Attorneys for Defendant**

13

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17  ROY CABANEZ, individually on behalf of all     **Case No. 3:20-cv-09470-VC**
    others similarly situated,
18                                                 Collective Action (29 U.S.C. § 216(b))
                                   Plaintiff,      Class Action (Fed. R. Civ. P. 23)
19          v.
20                                                 JOINT STIPULATION OF CLASS
    ASSIST ON CALL, INC.                           ACTION SETTLEMENT AND RELEASE
21                                                 OF CLAIMS
                                   Defendant.
22

23

24          This Joint Stipulation of the Class Action Settlement ("Joint Stipulation," "Settlement," or

25  "Settlement Agreement") is entered into by Plaintiff Roy Cabanez as the Representative Plaintiff

26  on behalf of himself and each of the Settlement Class Members (defined below) and Defendant

27  Assist On Call, Inc. ("Defendant") (Plaintiff and Defendant are collectively referred to as the

28  "Parties"). Subject to this Court's approval, this Joint Stipulation is intended by the Settling


**Ex. A**

**1**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Parties to fully, finally and forever resolve, discharge and settle the Released Claims (defined below), upon and subject to the terms and conditions hereof.

**I.    DEFINITIONS**

As used in the Joint Stipulation, the following terms have the meanings specified below:

1.      **"Action"** means the litigation arising out of the Complaint filed in *Cabanez, et al v. Assist On Call, Inc.*, United States District Court, Northern District of California, Case No.: 3:20-cv-09470-VC ("Action").

2.       **"Class"** means all current or former non-exempt employees who were paid either hourly, day-rate/flat fee per shift, or "straight time for overtime," and who worked for Assist On Call, Inc. in California from December 31, 2016, to the date of Preliminary Approval, to be certified by the Court for purposes of settlement only.

3.      **"Class Period"** means the period from December 31, 2016, to the date of Preliminary Approval.

4.      **"Class Member"** means a person who falls within the definition of the Class as set forth in paragraph 2 of the Definitions in this Joint Stipulation.

5.      **"Overtime Subclass"** means all Class Members who worked one or more hours of overtime in any pay period during the Class Period. For purposes of this Settlement, the term "overtime" has the same meaning as in California Labor Code section 510.

6.      **"Non-Overtime Subclass"** means all Class Members who never worked overtime in any pay period during the Class Period. For purposes of this Settlement, the term "overtime" has the same meaning as in California Labor Code section 510**.**

7.      **"Class Counsel"** means Parmet PC, including Matthew S. Parmet, who are counsel for and acting on behalf of the Representative Plaintiff, and subject to approval and appointment by the Court, shall be counsel for and act on behalf of the Settlement Class.  The term "Class Counsel" shall be used synonymously with the term "Plaintiff's Counsel."

8.      **"Class Notice"** means the Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Court Approval.

9.      **"Complaint"** refers to the operative complaint filed in this action.

**2**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

10.     **"Court"** means the United States District Court, Northern District of California, where the Action is pending.

11.     **"Defendant**" means named Assist On Call, Inc. and its predecessors, parent, successor, affiliated companies, and their respective officers, agents, directors, members, employees, successors and assigns, administrators, executors, partners, principals, and assignees.

12.     **"Effective Date"** means refers to the 15th day after the date by which the last of the following has occurred: (a) all conditions of Settlement have been satisfied; (b) the Court has entered and filed the Final Approval Order and Judgment; and (c) the time period for appeal of the Judgment has been exhausted without any appeals having been filed, and/or all such appeals have been voluntarily or involuntarily dismissed, and/or the appropriate appellate court or courts have entered a final judgment affirming the Final Approval Order and Judgment of the Court and the final judgment of such appellate court or courts is no longer subject to any further appellate challenge or procedure.

13.     **"Final Approval Order"** The order to be entered by the District Court (1) granting approval to the FLSA Collective settlement described in this Agreement; (2) granting final approval to the Class settlement described in this Agreement; and (3) entering judgment in accordance with the terms of this Agreement.

14.     **"Gross Settlement Fund" or "GSA"** means the sum of Two Hundred Seventy-Six Thousand Dollars ($276,000.00).  Except for the employer's share of all applicable payroll taxes on those portions of the settlement payments designated as wages, Defendant shall have no further monetary obligation related to the Settlement and shall not be required to make any other payment.

15.     **"Joint Stipulation"** means this Joint Stipulation of Settlement.

16.     **"Net Settlement Fund"** means the total amount available for payment to Settlement Class Members after Class Counsel's fees and expenses, an enhancement award to the Representative Plaintiff, and settlement administration fees, and penalties under Labor Code § 2698, *et seq.*, Private Attorney General Act ("PAGA") payable to the Labor and Workforce Development Agency ("LWDA").  This is a non-reversionary settlement. The employer's share of all applicable payroll taxes on those portions of the settlement payments designated as wages,

**3**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1  including, but not limited to, Medicare and Social Security contributions shall be paid by

2  Defendant separately and in addition to the Gross Settlement Fund, and shall be transmitted by

3  Defendant to the Settlement Administrator for transmission to the applicable authorities.

4      17.    **"Notice Period"** means the time period commencing on the date Class Notice is

5  mailed to class Members and ending on the "Notice Completion Date."  The "Notice Completion

6  Date" shall be the date 60 days after the mailing of the Class Notice.

7      18.    **"Person"** means an individual, corporation, general partnership, limited

8  partnership, association, joint-stock company, estate, legal representative, trust, unincorporated

9  association, government or any political subdivision or agency, and any business or legal entity

10  and its spouses, heirs, predecessors, successors, representatives, or assignees.

11      19.    **"Preliminary Approval Order."** The order to be entered by the District Court

12  granting preliminary approval to the settlement described in this Agreement following submission

13  to the District Court of Plaintiff's motion for an order granting preliminary approval of the

14  Settlement to the Class, certifying the Class for settlement purposes only, conditionally certifying

15  the FLSA Class, authorizing the Class Notice, and setting a date for the Motion for Final

16  Approval.

17      20.    **"Released California Claims."** Plaintiff and Class Members who do not validly

18  and timely request to be excluded from the Settlement shall release all claims for economic, non-

19  economic, equitable, liquidated, nominal, restitutionary, injunctive, or other relief that are based

20  on the facts stated in the Complaint filed in this Action or could have been stated based on the

21  facts stated in the Complaint filed in this Action, including all claims for wages and related

22  penalties actually alleged in the Action, by Plaintiff Cabanez, on behalf of himself and the Class

23  Members, based on the facts stated in the complaint, including, but not limited to, that: (1)

24  Defendant failed to pay wages and overtime compensation in violation of California Labor Code

25  sections 510, 1194, 1194.2 and the applicable Industrial Welfare Commission Wage Order; (2)

26  Defendant failed to provide meal periods, or compensation in lieu thereof, including but not

27  limited to any violation of California Labor Code sections 226.7 and 512 and the applicable

28  Industrial Welfare Commission Wage Order; (3) Defendant failed to authorize and permit rest

**4**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

periods, or compensation in lieu thereof, including but not limited to any violation of California Labor Code section 226.7 and the applicable Industrial Welfare Commission Wage Order; (4) Defendant failed to provide itemized employee wage statements, including but not limited to any violation of California Labor Code sections 226, 1174, and 1175 and the applicable Industrial Welfare Commission Wage Order; (6) Defendant failed to timely pay wages due at termination, including but not limited to any violation of California Labor Code sections 201-203 and 205; (6) Defendant engaged in unlawful business practices in violation of California Business and Professions Code section 17200, *et seq*; (7) Putative Class Members are entitled to restitutionary damages under California Business & Professions Code sections 17200, *et seq.*; (8) Defendant is liable for attorneys' fees and/or costs incurred to prosecute this action on behalf of Putative Class Members, including fees incurred for the services of Class Counsel; (9) Defendant violated California Labor Code Section 2698, et seq. (Private Attorneys General Act ("PAGA"); and (10) Defendant is liable for any other remedies, penalties, and interest, including but not limited to, under California Labor Code sections 201, 202, 203, 210, 221, 225.5, 226, 226.3, 226.8, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1194.5, 1197, 1197.1, 2802, and 2699, and the applicable Industrial Welfare Commission Wage Order, through the date of Preliminary Approval.

21.     **"Released FLSA Claims."** Plaintiff and Class Members who do not validly and timely request to be excluded from the Settlement shall release all claims for economic, non-economic equitable, liquidated, nominal, restitutionary, injunctive, or other relief that are based on the facts stated in the Complaint filed in this Action or could have been stated based on the facts stated in the Complaint filed in this Action, through the date of Preliminary Approval. The FLSA Released Claims shall include all claims for wages under the FLSA, including but not limited to 29 U.S.C. 201 et seq.

22.     **"Released Persons"** means Defendant and its respective agents, attorneys, insurers, past, present and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, members, employees, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, subsidiaries, parents, attorneys, insurers, and/or privies.

23.     **"Representative Plaintiff"** means Roy Cabanez and his representatives, heirs,

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

assigns, attorneys, and insurers.

24. **"Request for Exclusion"** means a written request by a Class Member to be excluded from the Settlement Class, as more fully described in paragraph 60.

25. **"Settlement Administrator"** means the party administering the settlement, Simpluris, Inc., 3194-C Airport Loop Drive, Costa Mesa, CA 92626.

26. **"Settlement Class Member"** means a Class Member who does not submit timely and valid requests to be excluded from the Settlement.

27. **"Settlement Hearing"** means the hearing to be held by the Court to consider and determine whether the proposed settlement of the Action (defined below) as contained in this Joint Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment approving the settlement contained in this Joint Stipulation should be entered.

28. **"Settling Parties"** means Defendant and the Representative Plaintiff, on behalf of himself and the Settlement Class Members.

**II.    PARTIES**

29.    Defendant is Assist On Call, Inc.

30.    Plaintiff is Roy Cabanez, individually and on behalf of all other similarly situated hourly nonexempt employees of Defendant.

**III.    PROCEDURAL BACKGROUND**

31.    The Action was filed by Plaintiff Cabanez in the United States District Court, Northern District of California, Case No.: 3:20-cv-09470-VC, as a putative class and collective action to recover unpaid wages under the FLSA and California Labor Code. Plaintiff alleges that Defendant failed to pay him and other employees overtime wages, premiums for missed meal and rest periods, and derivative damages for wage statement violations and waiting time penalties. The Complaint also alleged a claim for civil penalties California Labor Code Sections 2698, *et. seq.* (Private Attorneys General Act or "PAGA") and a claim for unlawful business practices in violation of California Business and Professions Code sections 17200, *et seq*; based on the same underlying violations of California Labor Code.

32.    On February 2, 2021, Defendant Answered the Complaint. In its Answer,

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1    Defendant denied all allegations in the Complaint.

2         33.    Prior to the Initial Case Management Conference, the Parties agreed and stipulated

3    to submit this matter to mediation in an effort to reach a resolution on a class and individual basis

4    without further litigation.

5         34.    Pursuant to the Parties' ADR Stipulation, the Court referred this Action to the

6    Court's ADR Unit, which later appointed Monique Olivier as Mediator.

7         35.    To facilitate the process, the Parties agreed to informally exchange employment

8    records and information related to the Class Members. Defendant informally produced to Plaintiff

9    a 50% sample of the Class Members' wage statements and work hour records for the period from

10   January 1, 2018, to December 31, 2019.

11        **IV.    MEDIATION AND NEGOTIATIONS**

12        36.    On May 18, 2021, Class Representative, Class Counsel, Defendant, and

13   Defendant's Counsel participated in mediation before Monique Olivier via videoconference.

14   Monique Olivier is an experienced and highly regarded mediator knowledgeable in wage-and-hour

15   laws and the class, and representative claims at issue in this Action. The mediation session

16   involved robust discussions of risks and rewards of continued litigation and several offers and

17   counteroffers.

18        37.    The Parties' discussed and evaluated in depth Defendant's financial status,

19   specifically, its ability to satisfy a large settlement regarding the alleged damages and a single

20   lump sum payment. At mediation, Defendant provided Plaintiff's Counsel with private financial

21   documents.

22        38.    The matter was not resolved on that date. Rather, Monique Olivier presented a

23   mediator's proposal to the parties at the conclusion of the mediation, which was accepted by both

24   parties.

25        **V.    CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND BENEFITS OF**

26        **SETTLEMENT**

27        39.    The Representative Plaintiff contends that the claims asserted against Defendant

28   have merit. Nonetheless, after a thorough investigation of the facts and the law and Defendant's

ability to pay, Plaintiff recognizes and acknowledges the expense and length of the proceedings necessary to prosecute the Action against Defendant through trial and through appeals. Plaintiff has also taken into account the uncertain outcome and the risk of any litigation as well as the difficulties and delays inherent in such litigation, including uncertainty over whether or not a class would be certified. Plaintiff is also mindful of the inherent problems of proof and possible defenses to the claims asserted by Defendant in the Action.

40.     The Representative Plaintiff and Class Counsel believe, and the Settling Parties have agreed, that the settlement set forth in this Joint Stipulation confers substantial benefits upon the Settlement Class and each of the Settlement Class Members. Based on their evaluation and after extensive settlement discussions, Plaintiff and Class Counsel have determined that the settlement set forth in this Joint Stipulation is in the best interest of the Settlement Class and that the Settlement is fair and reasonable to the Settlement Class Members.

## IV.   DEFENDANT'S DENIAL OF WRONGDOING AND LIABILITY

41.     Defendant denies the claims and contentions alleged by the Representative Plaintiff in his complaint. Defendant denies all charges of wrongdoing or liability against it arising out of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the complaint or Action. Defendant also denies, *inter alia*, that the Representative Plaintiff or Class Members were harmed by the conduct alleged in the Complaint. Defendant further denies that the Litigation is properly maintainable as a class action. To date, the Court has not made any findings that Defendant engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any state or federal law, rule, or regulation.

42.     Defendant has nonetheless concluded that the continued litigation of the Action could be protracted and expensive and that it is desirable that it be fully and finally settled in the manner and upon the terms and conditions set forth in this Joint Stipulation in order to limit further expense and inconvenience and to dispose of burdensome and potentially protracted litigation. Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, and has, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1    set forth in this Joint Stipulation.

2       43.   Based on the Recitals, the Parties agree, as follows:

3       **VI.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

4       44.   Under the terms of the proposed settlement, Defendant agrees to pay up to, but not

5    more than, the amount of Two Hundred Seventy-Six Thousand Dollars ($276,000.00) ("Gross

6    Settlement Fund") to settle the Action.

7       45.   The parties agree that the following payments/costs will be taken from the Gross

8    Settlement Fund in order to create a "Net Settlement Fund":

9          a.   Plaintiff's Attorneys' Fees, not to exceed Sixty-Nine Thousand Seven Hundred

10             Dollars ($69,000) (one-fourth of the Gross Settlement Fund), to be proved up

11             by Plaintiff and/or Class Counsel and approved by the Court. Any amount of

12             Plaintiff's Attorney's Fees requested by Class Counsel, but unapproved by the

13             Court,  shall be allocated to the Net Settlement Fund.

14          b.   Class Counsel's actual reasonable costs and expenses, not to exceed Three

15             Thousand Dollars ($3,000.00) to be proved up by Class Counsel and approved

16             by the Court. Any amount of Plaintiff's Costs requested by Class Counsel but

17             unapproved by the Court shall be allocated to the Net Settlement Fund.

18          c.   Representative Plaintiff will receive an amount up to Three Thousand Dollars

19             ($3,000.00) for payment for his time and efforts in pursuing this litigation. The

20             enhancement payment will be paid in addition to an Individual Settlement

21             Share, which Representative Plaintiff will be entitled to receive under the

22             Settlement;

23          d.   Administration Costs are expected to be $8,000, but shall not exceed $10,000.

24             Any amount of Administration Costs requested by Class Counsel but

25             unapproved by the Court shall be allocated to the Net Settlement Fund;

26          e.   A total of Six-Thousand Dollars ($6,000.00) of the Gross Settlement Fund shall

27             be allocated to the California Labor Code § 2699 claim for civil penalties.

28             Seventy-five percent (75%)  of said amount ($4,500) shall be paid from the

**9**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Gross Settlement Fund to the California Labor and Workforce Development Agency ("LWDA") for penalties under the Private Attorneys General Act ("PAGA"), and twenty-five percent (25%) of said amount ($1,500) shall remain a part of the Net Settlement Fund for distribution to Class on a *pro-rata* basis based on the gross wages earned during the Class Period regardless of whether they opt-out; and

f.  The Net Settlement Fund is estimated to be approximately $188,500. The Net Settlement Fund will be paid out to all Class Members who do not submit a timely opt-out form, based on the proportionate amount of gross wages received by the Settlement Class Member during the Class Period as set forth in paragraphs 63-65. This is a Non-Reversionary settlement.

46.  Except for the attorneys' fees and costs set forth in this Joint Stipulation and approved by the Court, the Parties agree to bear their own attorneys' fees and costs related to this Action.

## VII.   CONDITIONAL CERTIFICATION OF THE CALIFORNIA AND FLSA CLASSES

47.  **Class Certification of the California Class Members' Claims**. Solely for the purposes of this Settlement, the Parties stipulate and agree to certification of the claims asserted on behalf of the California Class Members under Fed. R. Civ. P. 23. As such, the Parties stipulate and agree that in order for this Settlement to occur, the Court must certify the class: all current or former hourly employees of Assist on Call, Inc. working in California who were paid "straight time for overtime" or a flat fee per shift from December 31, 2016, to the date of Preliminary Approval.

48.  **Conditional Nature of Stipulation for Certification.** The Parties stipulate and agree to the certification of the claims asserted on behalf of the California Class Members for purposes of this Settlement only. If the Settlement does not become effective, including but not limited to the Judgment not becoming Final, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall not be admissible or used in any way in connection

**10**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

with, the question of whether the Court should certify any claims in a non-settlement context in this Action or in any other lawsuit. If the Settlement does not become effective, Defendant reserves the right to contest any issues relating to class certification and liability if the settlement is not approved.

49.     **Conditional Certification of FLSA Collective Action.** The Parties stipulate and agree to the conditional certification of the claims asserted on behalf of the FLSA Class or purposes of this Settlement only 29 U.S.C. Section 216(b). If the Settlement does not become effective, the fact that the Parties were willing to stipulate to certification as part of the Settlement shall not be admissible or used in any way in connection with the question of whether the Court should conditionally certify the FLSA Collective in a non-settlement context in this Action or in any other lawsuit. If the Settlement does not become effective, Defendant reserves the right to contest any issues relating to conditional certification.

50.     **Appointment of Class Representative.** Solely for the purposes of this Settlement, the Parties stipulate and agree Roy Cabanez shall be appointed as representative for the California Class and FLSA Class.

51.     **Appointment of Class Counsel.** Solely for the purpose of this Settlement, the Parties stipulate and agree that Parmet PC shall be appointed as Class Counsel.

52.     **Opt-Out Rate.** In the event that the Opt-Out rate (defined below) is ten percent (10%) or higher, Defendant will have the option to withdraw from the Settlement Agreement within ten (10) business days of receipt of notice of all valid Requests for Exclusion as described in paragraph 60 but must pay all Administration Costs incurred as of the date of withdrawal.

53.     A Participating Class Member must cash his or her Settlement Award check within one hundred and eighty (180) calendar days after it is mailed to him or her.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Participating Class Member at his or her correct address.    If the check remains uncashed by the expiration of one hundred and eighty (180) calendar days after its issuance, the check will be voided. The Settlement Administrator shall notify Class Counsel and Defendant's Counsel of any undeliverable or uncashed checks.

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

54.    The amount of any Settlement Award check from the Net Settlement Fund that remains undeliverable or uncashed one-hundred-eighty (180) calendar days after the postmarked date of their initial mailing will be subject to a third pro rata distribution to all Participating Class Members who cashed their initial settlement checks. Any administrative cost necessary for implementing a second distribution can be taken out from the Net Settlement Fund that remains undeliverable or uncashed 180 calendar days after the postmarked date of their initial mailing.

**VIII.    NOTICE AND SETTLEMENT ADMINISTRATION**

55.    The Settlement Administrator shall be responsible for (1) printing and mailing to Class Members the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Notice") (Exhibit A); (2) notifying the Parties of the identity of Settlement Class Members that opt-out or file objections in a timely fashion; (3) mailing Settlement Awards checks to  Participating Class Members; (5) filing any required reports with the Court; and (6) for such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.   The notice and administration process shall be anonymous to the extent possible. Specifically, the Settlement Administrator shall perform the following duties:

56.    Within fourteen (14) calendar days of the Preliminary Approval Order, Defendant will provide a mailing list of the last known addresses, social security numbers or taxpayer IDs, and the gross wages earned for each Class Member during the Settlement Period to Class Counsel and the Settlement Administrator. The social security numbers or taxpayer IDs for each Class Member may be excluded from the Settlement Class information provided to Class Counsel. The Settlement Class information shall be kept confidential, except as required to be disclosed to the applicable taxing authorities in order to carry out the purposes of this Joint Stipulation, or pursuant to Defendant's express written authorization or by order of the Court.

**IX.    MAILING OF NOTICE.**

57.    Within thirty (30) calendar days of receipt of the Defendant's records described in paragraph 56, the Settlement Administrator shall mail a copy of the Notice (Exhibits A) to all Class Members by first class regular U.S. mail, using the most current mailing address information possessed by Defendant ("Notice Packets").  The Settlement Administrator will engage in address

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

searches consistent with its normal practices in settlements of wage claims, including skip tracing. Any returned envelopes from this mailing with forwarding addresses will be utilized by the Settlement Administrator to forward the Notice Packets to the Class Members.

## X.    RE-MAILING OF RETURNED NOTICES

58.    Notice Packets returned to the Settlement Administrator as undelivered before the Notice Completion Date shall be resent to the forwarding address, if any, on the returned envelope, within no later than three (3) calendar days.  A returned Notice Packet will be forwarded only once per Class Member by the Settlement Administrator.  Upon completion of these steps by the Settlement Administrator, Defendant shall be deemed to have satisfied their obligation to provide the Notice Packet to the affected member of the Class.  The affected member of the Class shall remain a member of the Class and shall be bound by all the terms of this Joint Stipulation and the Court's Order and Final Judgment unless he or she submits a timely and valid Request for Exclusion.  Class Member's whose Notice Packets are re-mailed after their original Notice Packet is returned as undelivered shall have the later of the Notice Completion Date or fourteen (14) calendar days from the date on which the Notice Packet is re-mailed, to submit an objection.

59.    The Settlement Administrator shall provide a weekly status report to the Parties. As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendant's Counsel of the number of Notices mailed, the number of Notices returned as undeliverable, the number of Notices remailed, and the number of requests for exclusion received, the number of Collective Claim Forms received, and the number of objections received.

## XI.    CLASS MEMBERS REQUESTS FOR EXCLUSION ("OPT-OUT") FROM SETTLEMENT

60.    Class Members shall be given the opportunity to be excluded ("opt-out") of the Settlement. Class Members may opt-out of the Settlement by mailing a written Request for Exclusion to the Settlement Administrator by first class U.S. mail, or equivalent, postage paid and postmarked, no later than the Notice Completion Date.  To be valid, the written Request for Exclusion must include the Class Member's name, address, a Request for Exclusion, and the Class Member's signature. The date of the postmark on the return-mailing envelope shall be the

**13**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

exclusive means used to determine whether a written objection has been timely submitted.  Class Members who timely and validly Opt-Out of the Settlement may not file objections.  The Settlement Administrator shall provide notice to the Parties of all valid Requests for Exclusion as soon as they are received, and shall provide a final report of all valid Request for Exclusion no later than within ten calendar days of the Notice Completion Date.  Unless Class Member submits a timely Request for Exclusion, he or she will be considered a Participating Class Member.  A Request for Exclusion will be deemed invalid if submitted by a person who also submits or has submitted a consent form regarding their FLSA claims.  Plaintiff expressly agrees not to Opt-Out of the Settlement.  Any Class Member who opts out of the Settlement shall not receive any Settlement Award and shall not be bound by the release provisions in this Settlement Agreement.

## XII.   OBJECTIONS TO SETTLEMENT

61.     In the event that a Class Member chooses to object to the Settlement provided herein, he or she must mail a written objection to the Settlement Administrator by first class U.S. mail, or equivalent, no later than the Notice Completion Date.  The Class Member must also file such objection with the Court no later than the Notice Completion Date.  To be valid, the objection must include the Class Member's name, address, basis for the objection, and the Class Member (or his or her attorney's) signature.  Class Members who request exclusion may not object to the Settlement.  Any Class Member who files and serves a complete, timely Objection to the Settlement must not file a Request for Exclusion; if both a Request for Exclusion and Objection are submitted, the Request for Exclusion will be honored and the Class Member will be barred from objecting to the Settlement, and any objection shall be void. The written objection must contain: (1) the name and case number of this lawsuit *Cabanez et al v. Assist On Call, Inc.,* (2) the full name and current address of the Class Member making the objection; (3) the specific reasons for the objection; and (4) any and all evidence and supporting briefs for the Court to consider. Class Members who submit an objection remain bound by this Agreement. Absent good cause found by the court, Class Members who fail to make objections in the manner specified in the Class Settlement Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to this Agreement.

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

**XIII.   PAYMENT AND CALCULATIONS OF SETTLEMENT AWARDS**

62.   Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay an Individual Settlement Share from the Net Settlement Fund to each Class Member who *does not submit* a valid and timely request for exclusion.

63.   For purposes of calculating Individual Settlement Shares of the Participating Class Members, the Net Settlement Fund shall be divided as follows:

      a.   Sixty Seven Percent (67%) to the Overtime Subclass (“**Overtime Subclass Net Settlement Fund**”); and

      b.   Thirty Three Percent (33%) to the Non-Overtime Subclass (“**Non-Overtime Subclass Net Settlement Fund**”).

64.   **Individual Class Settlement Share of the Overtime Subclass.** Each Participating Class Member of the Overtime Subclass  will receive a proportionate share of the amount allocated to the Overtime Subclass Net Settlement Fund that is equal to (i) the gross wages earned by an  Overtime Subclass Member during the Class Period based on the Class Data provided by Defendant, divided by (ii) the total gross wages earned by all Participating Class Members of the Overtime Subclass during the Class Period based on the same Class Data, which is then multiplied by the Overtime Subclass Net Settlement Fund.

65.   **Individual Class Settlement Share of the Non-Overtime Subclass.** Each Participating Class Member of the Non-Overtime Subclass  will receive a proportionate share of the amount allocated to the Non-Overtime Subclass Net Settlement Fund that is equal to (i) the gross wages earned by a Non-Overtime Subclass Member during the Class Period based on the Class Data provided by Defendant, divided by (ii) the total gross wages earned by all Participating Class Members of the Non-Overtime Subclass during the Class Period based on the same Class Data, which is then multiplied by the Non-Overtime Subclass Net Settlement Fund.

66.   **Initial Determination of Settlement Awards**.  Unless a Class Member disputes the amounts contained on the Class Notice and presents documentation to the Settlement Administrator showing that Defendant’s records are incorrect no later than seven (7) calendar days following the Notice Completion Date, then the amounts indicated on the Class Notice will be

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

used to determine the Participating Class Member's Settlement Award.  Class Member disputes may be submitted to the Claims Administrator via mail, hand delivery, or facsimile.  The date of submission shall be the date of hand delivery, the postmark date (if mailed), or the date of facsimile transmission. In the event that a Class Member disputes the amount or validity of a Settlement Award, and the Parties cannot resolve the dispute within twenty-one (21) calendar days of the Notice Completion Date, the Settlement Administrator will determine, not later than twenty-three (23) calendar days following the Notice Completion Date, the amount of the Settlement Award or the validity of a Class Notice and the calculation of the Gross Wages Earned and/or Individual Settlement Payment contained therein.  The parties will file with the Court all disputes submitted by class members as well as the evidence submitted and the resolution of those disputes. The Court shall have the right to review any decision made by the Settlement Administrator regarding a claim dispute.

67. **Declaration of Due Diligence**.  No later than thirty (30) calendar days before the Final Approval Hearing, the Settlement Administrator shall provide both Parties with a declaration of due diligence to be filed with the Court.

68. **Allocating Portions of the Settlement Awards as Wages and Other Damages and Interest**.  Each Settlement Award shall be allocated as twenty-five percent (25%) wages and seventy-five percent (75%) liquidated damages, statutory penalties, and interest, which represent the Parties' good faith allocation based on the claims asserted and potential damages related to wages and interest and penalties.  The employer's share of payroll taxes and contributions on those portions of the Settlement Awards designated herein as wages shall be paid by Defendant separately and in addition to the Gross Settlement Fund.

69. **Taxation of Settlement Awards**.  The Settlement Administrator shall be responsible for calculating and distributing all payments to any person or entity from the Settlement Fund and appropriate payroll tax amounts and withholdings of the Settlement Award and for communicating the information regarding the status of distribution of the payments to the Parties' counsel.   The portion of each Settlement Award allocated as wages shall be subject to the employee's share of payroll taxes and withholding.  Appropriate withholding of the employee's

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

share of federal, state and local taxes, including each Participating Class Member's share of FICA taxes, with respect to the portion of the Settlement Award that constitutes wages, shall be deducted from each Settlement Award.  The employer's share of all applicable payroll taxes, including, but not limited to, Medicare and Social Security contributions with respect to the portion of the Settlement Award that constitutes wages shall be paid by Defendant and sent by Settlement Administrator to forward to applicable authorities.  The Settlement Administrator shall issue an IRS Form W-2 to each Participating Class Member for the portion of the Settlement Award that is designated as wages.  The Settlement Administrator shall issue an IRS Form 1099 to each Participating Class Member for the portion of the Settlement Award that is designated as interest and other damages.  The Settlement Administrator shall issue an IRS Form 1099 to Class Representative for the enhancement fee paid to Plaintiff for his role as Class Representative.  All Participating Class Members and the Class Representatives will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amounts received.

70.    The Parties understand and agree that Defendant is neither providing tax or legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement, and that Class Members will assume any such tax obligations or consequences that may arise from this Agreement. The Parties agree that, in the event that any taxing body determines that additional taxes are due from any Class Member, such Class Member assumes all responsibility for the payment of such taxes.

71.    **Qualified Settlement Fund.**  The Settlement Administrator shall be authorized to establish a Qualified Settlement Fund pursuant to IRS rules and regulations in which the Settlement Fund shall be placed and from which settlement, tax, and all other required payments shall be made.  The Parties agree, subject to Court approval, that all payments will be allocated as recommended by the Claims Administrator in conformance with applicable tax laws with IRS Forms issued accordingly, as required by law.  The Claims Administrator will calculate the gross and net amounts to be paid to the Settlement Class Members in accordance with the terms and provisions of this Settlement and applicable tax law.

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

72.   **Payroll Taxes**.  Consistent with the provisions of this Section the Claims Administrator shall calculate applicable payroll taxes and withholdings and the employer's payroll taxes, upon entry of the Final Approval Order and Judgment.  The Claims Administrator shall notify the Defendant within seven (7) calendar days of the Final Approval Order of the payroll taxes owed.  The Claims Administrator shall be solely responsible for: (1) the timely payment of any taxes (including but not limited to payroll taxes) and withholdings with the appropriate taxing authorities; and (2) completion of any other steps or actions necessary for compliance with any obligations of the Qualified Settlement Fund under this Agreement and/or federal, state and/or local law.  Any elections (or other tax filings) necessary to effectuate the use and administration of the Qualified Settlement Fund shall be made in compliance with the procedure and requirements contained in the applicable Treasury Regulations and tax law.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver all necessary documentation for signature as may be required, and thereafter to cause the appropriate timely filing of such documentation to occur.  If for any period of time, the Qualified Settlement Fund is not treated as a "qualified settlement fund" within the meaning of Treasury Regulation Sections 1.468B-1 and 1.468B-5, the Claims Administrator shall promptly notify counsel for the Parties of that fact and shall take all actions necessary to remedy such failure.

73.   **Payments to Participating Class Members Do Not Trigger Additional Benefits.** Settlement payments made to Participating Class Members under this Agreement shall be deemed to be paid in the year in which payment is actually received by the recipient and will not entitle the recipient to any additional compensation and/or benefits under any benefit plans to which any Settlement Class Member may be eligible, including, but not limited to: profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation, sick leave plans, PTO plans, or any other benefit plan.  Plaintiff and Settlement Class Members will be deemed to have waived all such claims, whether now known or unknown by them, as part of the release of claims set forth herein.

74.   **Mailing of Settlement Awards**.  Each check issued to a Participating Class Member shall remain valid and negotiable for one hundred eighty (180) days from the date of

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

issuance ("Check Cashing Deadline").

75.     **Declaration Certifying Completion.**  Ten (10) days after completion of administration of all distributions from the Settlement Fund, the Settlement Administrator shall file written certification of such completion with the Court with copies to counsel for all Parties with a final accounting of the payments to be made to each Settlement Class Member and other payments made from the Settlement Fund.

76.     **Disputes Regarding the Settlement Administrator's Performance of Duties**. All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Joint Stipulation until all payments and obligations contemplated by this Joint Stipulation have been fully carried out.

**XIV.     COOPERATION**

77.     The Settling Parties agree to do all things necessary and appropriate to obtain final approval of this Joint Stipulation and entry of the Judgment.

**XV.     FUNDING AND DISBURSEMENT OF THE GROSS SETTLEMENT AMOUNT**

78.     **Funding the Settlement.** Defendant agrees to pay and fund the Gross Settlement Amount in nineteen installment payments according to the following schedule:

- The First Installment of $120,000 shall be deposited with the Settlement Administrator on September 1, 2021 or within seven (7) days of entry of the Preliminary Approval Order, whichever is later.

- The Second through the Nineteenth Installment Payments of $8,666 each, except for the final installment payment,  shall be deposited with the Settlement Administrator on the fifth day of each month, beginning thirty (30) calendar days after the First Installment Payment is due. The final Eighteenth Installment Payment shall be in the amount of $8,678.

In the event, the Settlement does not become effective, including but not limited to the Court's not approving this Settlement during the Final Approval Hearing or the Judgment not

**19**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

becoming final, the Settlement Administrator shall return all installment payments to Defendant, with the exception of the initial administrative costs, for which the Parties are equally responsible.

79.     **Disbursement of the Settlement.** Subject to the District Court finally approving the Settlement, and provided the Settlement becomes effective and that there are no objections or appeals to the District Court's Final Approval Order and Judgment, the Settlement will be disbursed in accordance with the following Disbursement Schedule:

- Ten (10) calendar days after the Effective Date of this Agreement, 43.478% of the Gross Settlement Amount, or $120,000, shall be disbursed. This disbursement shall include 43.478% of the total Net Settlement Amounts, 40% of the Total Attorney Fee Award, 100% of the Cost Award, 43.478% of the Class Representative Enhancement, 100% of the Class Administration Costs, and 43.478% of the Civil Penalties.

- Ten (10) calendar days after all funds are received by the Settlement Administrator from Defendant for the last payment – 56.522% of the Gross Settlement Amount, or $156,000, shall be disbursed. This disbursement shall include 56.522% of the total Net Settlement Amounts, 40% of the Total Attorney Fee Award, 56.522% of the Class Representative Enhancement, and 56.522% of the Civil Penalties.

- The remaining twenty percent (20%) of the Total Attorney Fee Award shall be paid only after completion of the distribution process and Court approval of a final accounting.

## XVI.     PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

80.     Promptly after execution of this Joint Stipulation, the Settling Parties shall submit this Joint Stipulation to the Court and Plaintiff shall apply for entry of the Preliminary Approval Order preliminarily approving this Joint Stipulation and providing for mailing of the Notice Packet, and shall seek the scheduling of the Final Approval Hearing.

## XVII.     RELEASE OF CLAIMS

81.     **Participating California Class Members' Released Claims**. Upon the Effective Date, the Representative Plaintiff (individually, and as class representatives) and each of the Class

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1   Members Plaintiff and Class Members who do not validly and timely request to be excluded from

2   the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

3   and forever released, relinquished, and discharged all California Released Claims against the

4   Released Persons.

5          82.     **Participating FLSA Class Members' Released Claims**. Upon the Effective Date,

6   the Representative Plaintiff (individually, and as class representatives) and each of the Class

7   Members Plaintiff and Class Members who do not validly and timely request to be excluded from

8   the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

9   and forever released, relinquished and discharged all FLSA Released Claims against the Released

10  Persons, through the date of Preliminary Approval.

11         83.     **PAGA Released Claims**. Upon the Effective Date, the Representative Plaintiff

12  (individually, and as class representatives) and each of the Class Members, regardless whether

13  they request to be excluded from the Settlement shall be deemed to have, and by operation of the

14  Judgment shall have, fully, finally, and forever released, relinquished and discharged all PAGA

15  Claims against the Released Persons. The PAGA claims include all claims for civil penalties

16  pursuant to PAGA for any alleged violations of California Labor Code sections 201, 202, 203,

17  210, 221, 225.5, 226, 226.3, 226.8, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1194.5, 1197,

18  1197.1, 2802, and 2699, and the applicable Industrial Welfare Commission Wage Order, through

19  the date of Preliminary Approval.

20         84.     This release excludes any release of any claims not permitted to be released by law.

21         85.     **Binding Effect of Settlement**. Although some Class Members might not receive or

22  timely submit the Notice of Class Action Settlement as provided under this Settlement and

23  Agreement, due to inability to locate their current address following the procedures set forth in this

24  Agreement, such individuals shall nonetheless be bound by all of the terms of this Settlement and

25  Judgment.

26         86.     Representative Plaintiff, by signing this Settlement, is bound by the terms herein

27  stated and further agrees not to request to be excluded and agrees not to object to any of the terms

28  of this Settlement.   Any request by Plaintiff to be excluded and/or objection by Plaintiff shall be

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1  void and of no force or effect.

2  **XVIII.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,**

3  **CANCELLATION OR TERMINATION**

4       87.    The Effective Date of this Joint Stipulation shall be conditioned on the occurrence

5  of all of the following events:

6            a.   the Court has entered the Final Approval Order; and

7            b.   the Court has entered the Judgment; and

8            c.   the Judgment has become Final.

9            d.   If the conditions specified in paragraph 87 are not met, then this Joint Stipulation

10               shall be canceled and terminated unless Class Counsel and counsel for Defendant

11               mutually agree in writing to proceed with this Joint Stipulation.

12       88.    In the event that this Joint Stipulation is not approved by the Court or the

13  Settlement set forth in this Joint Stipulation is terminated or fails to become effective in

14  accordance with its terms, the Settling Parties shall be restored to their respective positions in the

15  Action. In such event, the terms and provisions of this Joint Stipulation and any documents

16  relating to it, with the exception of Joint Stipulation paragraphs 87-88herein, shall have no further

17  force or effect with respect to the Settling Parties and shall not be used in the Action, or in any

18  other proceeding for any purpose and any Judgment or order entered by the Court in accordance

19  with the terms of this Joint Stipulation shall be treated as vacated, *nunc pro tunc*.

20  **XIX.    MISCELLANEOUS PROVISIONS.**

21       89.    The Settling Parties (a) acknowledge that it is their intent to consummate this

22  settlement; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and

23  conditions of the Joint Stipulation, and (c) agree to exercise their best efforts to accomplish the

24  foregoing terms and conditions of the Joint Stipulation.

25       90.    The Settling Parties intend this Settlement to be a final and complete resolution of

26  all disputes between them with respect to the Action. The Settlement compromises claims that are

27  contested and shall not be deemed an admission by any Settling Party as to the merits of any claim

28  or defense.

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

91.     Neither this Joint Stipulation nor any act performed or document executed pursuant to or in furtherance of this Joint Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendant, or of the propriety of litigating or maintaining the Action as a class action; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or to enforce this Joint Stipulation or the Judgment, except that Defendant may file this Joint Stipulation or the Judgment in any action that may be brought against it in order to support a defense or counter claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim. Defendant denies and continues to deny the claims alleged in the Action.

92.     This Joint Stipulation may be amended or modified only by a written instrument signed each of the Settling Parties, or authorized counsel.

93.     The Parties agree to stay all proceedings in this Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

94.     This Joint Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning this Joint Stipulation other than the representations and warranties and covenants contained and memorialized in such documents.

95.     Subject to Court approval, Class Counsel, on behalf of the Settlement Class, shall be expressly authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Joint Stipulation to effectuate its terms and also is expressly authorized to enter into any modification or amendments to this Joint Stipulation on behalf of the Settlement Class which they deem appropriate.

96.     If for any reason any term or provision of this Settlement Agreement is held to be invalid or unenforceable to any extent, then (a) such term or provision will be interpreted,

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1    construed, or reformed to the extent reasonably required to render the same valid, enforceable, and

2    consistent with the original intent underlying such provision; (b) such term or provision will

3    remain in effect to the extent that it is not invalid or unenforceable; and (c) such invalidity or

4    unenforceability will not affect any other term or provision of this Settlement Agreement.

5          97.    Each of the Settling Parties executing this Joint Stipulation on behalf of any party

6    hereto hereby warrants that such person has the full authority to do so.

7          98.    This Joint Stipulation may be executed in one or more counterparts. All executed

8    counterparts shall be deemed to be one and the same instrument. Counsel for the Settling Parties

9    executing this Joint Stipulation shall exchange among themselves original signed counterparts and

10   a complete set of executed counterparts shall be filed with the Court. Signatures can be obtained

11   and exchanged by facsimile or electronic mail.

12         99.    This Joint Stipulation shall be binding upon, and inure to the benefit of, the

13   successors and assigns of the parties hereto.

14         100.    The Court shall retain jurisdiction with respect to implementation and enforcement

15   of the terms of this Joint Stipulation, and all parties hereto submit to the jurisdiction of the Court

16   for purposes of implementing and enforcing the settlement embodied in this Joint Stipulation.

17         101.    This Joint Stipulation hereto shall be considered to have been negotiated, executed,

18   and delivered, and to be wholly performed, in the State of California, and the rights and

19   obligations of the parties to this Joint Stipulation shall be construed and enforced in accordance

20   with, and governed by, the internal substantive laws of the State of California without giving

21   effect to that State's choice of law principles.

22         102.    This Agreement may be executed in one or more counterparts, including electronic

23   copies in a PDF format. All executed counterparts, and each of them, will be deemed to be on and

24   the same instrument provided that counsel for the Parties will exchange between themselves

25   original signed counterparts. Electronic signatures will be accepted. Any executed counterpart will

26   be admissible in evidence to prove the existence and contents of this agreement.

27         IN WITNESS WHEREOF, the parties hereto execute this Joint Stipulation and have

28   caused this Joint Stipulation to be executed by their duly authorized representatives. This Joint

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1   Stipulation may be executed in counterparts.

2   **SO AGREED AND STIPULATED:**

3

4   Dated:   08 / 31 / 2021

5

6   By: _____
    Roy Cabanez, individually and on
    behalf of all others similarly situated

7

8   Plaintiff

9

10  Dated:

11  By: _____
    Assist On Call, Inc.

12  Defendant

13

14  Print Name: _____

15

16  Title: _____

17

18

19

20

21

22

23

24

25

26

27

28

25

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1  Stipulation may be executed in counterparts.

2  **SO AGREED AND STIPULATED:**

3

4  Dated:

5

6  By: _____
    Roy Cabanez, individually and on
    behalf of all others similarly situated

7

8  Plaintiff

9

10  Dated: 08/31/2021

11  By: *michael camacho*
    _____
    Assist On Call, Inc.

12  Defendant

13

14  Print Name:    michael camacho
    _____

15

16  Title:    COO, Business Operations
    _____

17

18

19

20

21

22

23

24

25

26

27

28

**25**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

1    **<u>APPROVAL AS TO FORM</u>**

2    Dated:                                    KUCHINSKY LAW OFFICE, P.C.

3

4

5                                              By:_____
                                               Alexei Kuchinsky
6                                              Attorney for Defendant Assist On Call, Inc.

7

8

9    Dated:  08 / 31 / 2021                    PARMET PC

10

11                                             By:_____
                                               _____
12                                             **Matthew S. Parmet**
                                               Attorney for Plaintiff and all Class Members
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**26**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**

Doc ID: 58484c05a9f0ce4af5cac90fb834510e5cada5ca

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>APPROVAL AS TO FORM</u>**

Dated:     August 31, 2021                     KUCHINSKY LAW OFFICE, P.C.

By:_____
Alexei Kuchinsky
Attorney for Defendant Assist On Call, Inc.

Dated:                                                    **PARMET PC**

By:_____
_____
**Matthew S. Parmet**
Attorney for Plaintiff and all Class Members

**26**

**JOINT STIPULATION AND CLASS SETTLEMENT AGREEMENT**