## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY CABANEZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>ASSIST ON CALL, INC.,<br><br>     Defendant. | **Case No. 3:20-cv-09470-VC**<br>Collective Action (29 U.S.C. § 216(b))<br>Class Action (Fed. R. Civ. P. 23)<br><br>**[Proposed]** **Order Granting Final Approval of Class Action Settlement** |

On this day, came on for consideration Plaintiff Roy Cabanez's Unopposed Motion for Final Approval of Class Settlement. The Court previously entered an order preliminarily approving of the class action settlement between Cabanez, individually and on behalf of all others similarly situated, and Defendants Assist on Call, Inc. and approving notice to potential class members. The terms of the settlement are set forth in the Settlement Agreement attached as Exhibit A to Cabanez's Motion. All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement

The Court has reviewed and considered Cabanez's Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the

Parties. The Court has considered whether the settlement is fair, reasonable, and adequate, based on the information provided by the Parties and obtained through its own research.

Having done so, the, the Court is of the opinion that the Motion should be and hereby is GRANTED.

The Court therefore ORDERS as follows:

1.  The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and the class.

2.  The terms of the Parties' Settlement Agreement and Release are finally approved as being fair, reasonable, and adequate to the class members.

3.  The Court previously certified the following class pursuant to Rule 23(b)(3):

    **Current and former non-exempt employees who were paid either hourly, "straight time for overtime," or day-rate/flat fee per shift, and who worked for Assist on Call, Inc. in California from December 31, 2016, to the date of this Order.**

4.  The notice provided to class members pursuant to the terms of the Settlement Agreement and the Court's Preliminary Certification Order fully and accurately informed Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all Class Members. The notice and the notice process fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

5.  Assist on Call shall pay $276,000 into the settlement fund, pursuant to the terms of the Settlement Agreement, which will be used to make payments to the Class Members, pay the Settlement Administrator the costs of notice and Settlement Administration Expenses in the amount of $8,000, pay a service awards to Cabanez in the amount of $,3,000, pay Class Counsel's attorneys' fees in the

amount of $69,000 and reimburse Class Counsel's litigation expenses of $1,560.49. The Settlement Fund is non-reversionary.

6.     Absent any appeal, the Effective Date of the Settlement will be April 15, 2022.

7.     On or before April 25, 2022, the following amounts shall be disbursed: 43.478% of the class members' net settlement awards to class members, 43.478% of civil penalties to the LHWDA, 43.478% of the service award to Cabanez, 100% of the expense reimbursement to Class Counsel, and service award to Cabanez, and 40% of attorneys' fees to Class Counsel.

8.     On or before the 10th calendar day after all funds owed by Assist on Call under the Settlement Agreement are paid, the following amounts shall be disbursed: 56.522% of the class members' net settlement awards to class members, 56.522% of civil penalties to the LHWDA, 56.522% of the service award to Cabanez, 100% of the expense reimbursement to Class Counsel, and service award to Cabanez, and 40% of attorneys' fees to Class Counsel.

9.     Checks issued by the administrator will be valid for 180 days from issuance.

10.     Within 21 days after final distribution of the settlement funds, Class Counsel will file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, to inform the Court about the administration of the settlement. The Post-Distribution Accounting will state when payments were made to Settlement Class Members, the number of Settlement Class Members who were sent payments, the total amount of money paid to Settlement Class Members, the average and median recovery per Settlement Class Member, the largest and smallest amounts paid to Settlement

Class Members, the number and value of cashed and uncashed checks, the number of Settlement Class Members who could not be contacted, the number of objections and opt outs, any significant or recurring concerns communicated by Settlement Class Members to the Settlement Administrator and Class Counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved. If appropriate, Class Counsel and the Settlement Administrator will submit a proposal to the Court regarding the feasibility of a second distribution from the Settlement Fund and any cy pres distribution in the Post-Distribution Accounting. The Settlement Administrator shall post the Post-Distribution Accounting on the Settlement Website.

11.    The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of Settlement Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, class members risked losing on the merits because their remaining claims turn on the resolution of the unsettled legal question of whether Assist on Call's pay practice at issue violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and/or the California Labor Code. The claims and distribution process is effective and fair. The settlement was negotiated at arms' length with the assistance of a third-party mediator. Class Counsel find the settlement to be in the best interest of class members. No

potential class member objected to the settlement or opted-out. And none of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). In addition, the Court finds that Plaintiff and Class Counsel adequately represented the Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the court has considered the Northern District of California Procedural Guidance for Class Action Settlements, the criteria set forth in Federal Rule of Civil Procedure 23(e), and the factors outlined in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004).

12.    The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

13.    The Settlement Administrator executed the notice process according to the terms of the Settlement Agreement. The notices apprised Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the class under the Settlement Agreement; of the res judicata effect on class members and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by

the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to class members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Court has afforded a full opportunity to all class members to be heard. Accordingly, the Court determines that all Class Members are bound by this Final Approval Order and the Judgment.

14. The Court approves payment of attorneys' fees in the amount of $69,000 and reimbursement of litigation costs to Class Counsel in the amount of $1,560.49. These amounts shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by Class Members. The Settlement Administrator shall release the remaining 20% of the awarded attorneys' fees after the Post-Distribution Accounting has been filed and the Court has entered an order releasing the remainder of the fees.

15. The Court approves service award payments of $3,000 for Cabanez, the class representative, and finds the amount to be reasonable in light of the services performed by the class representatives for the classes. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16.     Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Assist on Call of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Assist on Call in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action,

17.     Plaintiff and Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all Released California and FLSA claims, as defined in the Settlement Agreement, against the Released Persons.  Plaintiff and Settlement Class Members who did not opt out of the Settlement are barred from prosecuting any Released California and FLSA claims against the Released Persons, as defined in the Settlement Agreement.

18.    If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

19.    The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

20.    The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment consistent with the Settlement be entered as final and appealable and the case DISMISSED WITH PREJUDICE.

March 31, 2022
_____
Date

_____
Vince Chhabria
United States District Judge